**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

THOMAS LEE DEDEAUX,      :
AIS 219516,

                          :

      Petitioner,

                          :

vs.                         CA 08-0599-CG-C

                          :

RICHARD ALLEN, et al.,

                          :

      Respondents.

## REPORT AND RECOMMENDATION

Thomas Lee Dedeaux, a state prisoner presently housed at Kilby Correctional Facility in Mount Meigs, Alabama, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).

## FINDINGS OF FACT

1.      On September 7, 2001, Dedeaux entered counseled guilty pleas

in the Circuit Court of Baldwin County, Alabama to one count of first-degree burglary, one count of first-degree rape, and one count of first-degree sodomy. (Doc. 1, at 1) That same date, petitioner was sentenced to life imprisonment with respect to each conviction. (*See id.*) Dedeaux attempted to file an out-of-time appeal in the Alabama Court of Criminal Appeals on February 26, 2002 (Doc. 14, at 1) but same was denied as untimely on March 27, 2002 (Doc. 9, Exhibit B, at 2). "A certificate of judgment was issued that same day." (*Id.*)

2.    Dedeaux filed a Rule 32 petition in the Circuit Court of Baldwin County, Alabama, on July 31, 2003, collaterally attacking his convictions and sentences. (Doc. 1, at 2; Doc. 2, at 2; *see* Doc. 9, Exhibit B, at 2 n.1 ("Because the certificate of judgment in Dedeaux's case was issued between August 1, 2001, and August 1, 2002, Dedeaux had until August 1, 2003, to file a Rule 32 petition.")) "On November 6, 2003, the trial court issued an order dismissing all of Dedeaux's claims not related to his various ineffective-assistance-of-counsel claims. The order further stated that all allegations concerning the ineffective-assistance-of-counsel claims would be addressed at an evidentiary hearing scheduled for January 5, 2004. After several continuances, an evidentiary hearing was conducted on October 18, 2004. On December 17, 2004, the trial court entered an order summarily denying Dedeaux's Rule 32

petition." (Doc. 9, Exhibit B, at 4) The Alabama Court of Criminal Appeals remanded the case on December 23, 2005, in order for the trial court to consider three specific issues. (*Id.* at 10 ("This case is remanded to the trial court with instructions that the court enter a new order addressing Dedeaux's claims challenging the voluntariness of his guilty plea and the competence of his trial counsel and his request for an out-of-time appeal.")) "On April 5, 2006, the case was resubmitted on return to remand, but had to be remanded by order on May 10, 2006 for additional proceedings." (Doc. 2, at 4) Another evidentiary hearing was conducted by the trial court on October 25, 2006 (*id.* at 5); the trial court entered its order denying Dedeaux relief on February 22, 2007 (*id.* at 4). On May 11, 2007, the Alabama Court of Criminal Appeals, on return to remand, affirmed the trial court's denial of relief. (Doc. 9, Exhibit D) Petitioner's application for rehearing was denied on June 12, 2007 (Doc. 1, at 2) and his petition for writ of certiorari to the Alabama Supreme Court was denied on July 13, 2007 (Doc. 9, Exhibit E). The certificate of judgment issued on July 13, 2007 (*id.*) and "[t]his petition follow[ed]" (Doc. 2, at 5).

3.     Through counsel, Dedeaux filed the instant petition in this Court on October 10, 2008 collaterally attacking his convictions and sentences. (*See* Docs. 1 & 2)

4.      Following the respondents' answer (Doc. 9), the undersigned entered an order requiring petitioner to show cause why his petition should not be dismissed on the basis that it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). (Doc. 11) Petitioner, through counsel, filed his response on February 20, 2009. (Doc. 14) Therein, petitioner's attorney cites at length from the dissenting opinion in *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) and urges this Court to find his petition timely filed based upon the dissent. (Doc. 14, at 4-9) In addition, petitioner makes the following argument: "During the period of time between his conviction and sentence (September 7, 2001) the time period for filing a Rule 32 petition under ARCrP 32.2(c) changed from two years to one year. . . . Dedeaux was operating under the two year time limit when he filed pro se his Rule 32 on July 31, 2003. Without the assistance of counsel Dedeaux had no idea that his 2254 time period was running as he was still pursuing his state court post conviction remedies. The pleadings of a pro se litigant are to be liberally construed." (*Id*. at 9-10)

## **CONCLUSIONS OF LAW**

1.      The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added

a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)

2.      Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and therefore, the timeliness of Dedeaux' petition must be calculated under § 2244(d)(1)(A) based upon the date on which his conviction became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is not applicable in this case since Dedeaux' convictions became final in 2001.

3.      Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" Dedeaux attempted to file an out-of-time appeal with the Alabama Court of Criminal Appeals but same was denied as untimely on March 27, 2002. (Doc. 9, Exhibit B, at 2) Therefore, Dedeaux' September 7, 2001 guilty-plea convictions became final when the forty-two (42) day period to appeal provided for by Ala.R.App.P. 4(b)(1) expired, that is, on October 19, 2001.[1]

---

[1]      Even if this Court runs the one-year period from the date the Alabama Court of Criminal Appeals issued its certificate of judgment dismissing as untimely Dedeaux' appeal, that

Ala.R.App.P. 4(b)(1) ("In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)."); *see Simmons v. Upton*, 2007 WL 2375823, *2 (M.D. Ga. 2007) ("Georgia law provides that an appeal of a guilty plea shall be filed within 30 days of such plea. . . . In this case, petitioner entered a guilty plea on May 25, 2001; petitioner did not file a direct appeal, therefore, his conviction became final on or about June 25, 2001, when the time for filing such an appeal expired.");[2] *Jennings v. Meadows*, 2006 WL 1134083, *2 (S.D. Ga. 2006) ("[B]ecause Petitioner did not file an appeal, his conviction became 'final' when the thirty (30) day period to appeal provided for by O.C.G.A. § 5-6-38(a) expired. As Petitioner's conviction and sentence were rendered on March 20, 1998, his conviction became final on or about April 19, 1998."); *Sweet v. Crosby*, 2006 WL 1319440, *1 (M.D. Fla. 2006) ("Petitioner's conviction was entered on August 14, 1998. Because he did not file a direct appeal, his conviction became final thirty days later, on September 14, 1998.");

---

is, March 27, 2002 (Doc. 9, Exhibit B, at 2), petitioner fares no better because his one-year period would have expired on or about March 28, 2003, some four months prior to the date he filed his Rule 32 petition in the Circuit Court of Baldwin County, Alabama.

[2]     "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

*cf. Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal.").

    4.    Dedeaux' one-year period of limitations under AEDPA began to run on October 19, 2001 and expired on October 19, 2002.[3] Dedeaux is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"), because the collateral attack on his convictions and sentences which he

---

[3]    This case is not controlled by the Supreme Court's recent decision in *Jiminez v. Quarterman*, ___ U.S. ___, ___, 129 S.Ct. 681, 686, ___ L.Ed.2d ___ (2009) ("We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.") because Dedeaux was not granted an out-of-time appeal on collateral review.

undertook on July 31, 2003  was filed after the one-year statute of limitations expired under § 2244(d)(1).[4] *Cf. Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). "A state court filing after the federal habeas filing deadline does not revive it." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (citation omitted).

5.      Petitioner has now made what the undersigned construes to be an equitable tolling argument. (*See* Doc. 14) Recent decisions of the Eleventh Circuit have clearly embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue:  "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted).[5] "Section 2244 is

---

[4]      Dedeaux' Rule 32 attack was filed more than ten months after the one-year statute of limitations expired.

[5]      "The Supreme Court has yet to decide whether the AEDPA's statute of limitations permits equitable tolling but has assumed that it does where the parties agree it is available." *Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008), citing *Lawrence v. Florida*,

a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*,

---

549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007).

10

522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub*

*nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648

(1998).

      6.     In this case, petitioner has not established that the instant habeas

corpus petition was timely filed nor has he established that extraordinary

circumstances and due diligence counsel equitable tolling of the limitations

period. *See Johnson v. Florida Department of Corrections*, 513 F.3d 1328,

1333 (11th Cir.) ("Johnson bears the burden of establishing equitable

tolling."), *cert. denied sub nom. Johnson v. McNeil*, ___ U.S. ___, 129 S.Ct.

348, 172 L.Ed.2d 86 (2008); *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th

Cir. 2007) ("'The burden of establishing entitlement to this extraordinary

remedy plainly rests with the petitioner[.]'"). Petitioner makes the argument

that he was ignorant of the fact that the one-year limitations period was

running as he was pursing his post-conviction remedies in state court. (Doc.

14, at 10) In making this argument, petitioner implicitly concedes that he

cannot establish his own due diligence in ascertaining the applicable

limitations period.[6] In addition, the Eleventh Circuit has clearly indicated that

---

[6]     The petition (Doc. 1; *see also* Doc. 2) and the response to this Court's show-cause order (Doc. 14) are devoid of facts which establish petitioner's due diligence in ascertaining the applicable limitations period.

"federal habeas petitioners who rely upon the timeliness of state post-conviction proceedings to satisfy the requirements of AEDPA do so at their peril." *Johnson, supra*, 513 F.3d at 1333 (citations omitted). In other words, the fact that Alabama had a two-year statute of limitations period on collateral petitions at the time Dedeaux initiated his post-conviction challenge (or, otherwise, had recently changed the limitations period to one year) does not impact this Court's statute of limitations analysis; instead, a federal petitioner like Dedeaux "must exercise his [state remedy] within one year and do so in a manner that leaves him sufficient time to timely file his federal petition." *Tinker v. Moore*, 255 F.3d 1331, 1334-1335 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144, 122 S.Ct. 1101, 151 L.Ed.2d 997 (2002).[7] Based upon the foregoing, the undersigned finds that this is simply not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period. *Melson, supra,* 548 F.3d at 1001 ("We have emphasized that '[e]quitable tolling is an extraordinary remedy that must be applied sparingly' for '[a] truly extreme case.'").

      7.     Even if this Court was to equitably toll petitioner's statute of

---

[7]     A court cannot consider the underlying merits of a case to justify equitable tolling. *See Helton v. Secretary for the Department of Corrections*, 259 F.3d 1310, 1314-1315 (11th Cir. 2001), *cert. denied sub nom. Helton v. Moore*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002).

limitations until such time as the Alabama Supreme Court issued its certificate of final judgment of affirmance in regard to the denial of his Rule 32 collateral petition, the limitations period would have begun to run on July 14, 2007, the day after the Alabama Supreme Court denied Dedeaux' petition for writ of certiorari,[8] and would have expired one year later on July 14, 2008. *See Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001). Dedeaux did not file the instant habeas corpus petition until October 10, 2008, almost three months after his limitations period expired under this alternative scenario. While petitioner may be correct that the dissent in *Lawrence v. Florida, supra*, represents "the better view" (Doc. 14, at 5), not only is the reasoning contained therein contrary to longstanding circuit precedent, *Coates, supra*, but, more importantly, it has no

---

[8]        *Compare* Ala.R.App.P. 41(b) ("The timely filing of a petition for certiorari in the Supreme Court shall stay the issuance of the certificate of judgment by the courts of appeals, which stay shall continue until the final disposition by the Supreme Court. Upon the filing of a copy of an order of the Supreme Court denying the petition for certiorari, the certificate of judgment of the courts of appeals shall issue immediately.") *with* Doc. 9, Exhibit E (certificate of judgment issued on July 13, 2007).

precedential value in light of the majority decision that "[t]he application for state postconviction review is [] not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." *Lawrence v. Florida, supra,* 549 U.S. at 332, 127 S.Ct. at 1083; *see Wainwright v. Secretary, Department of Corrections*, 537 F.3d 1282, 1285 n.2 (11th Cir. 2007) ("We held that the statute of limitations is not tolled during this period [when a petition for writ of certiorari is pending following the denial of collateral relief in the state courts] in *Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000). While this appeal was pending, the Supreme Court agreed, resolving the circuit split in *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007)."). Accordingly, Dedeaux' § 2254 petition is clearly untimely.[9]

---

[9]     Dedeaux could have no equitable tolling argument relative to this alternative scenario. *See Wainwright, supra,* 537 F.3d at 1286.

## <u>CONCLUSION</u>

The Magistrate Judge recommends that the instant petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 5th day of March, 2009.

   s/WILLIAM E. CASSADY         
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

　　　　　　　　　　　　 s/WILLIAM E. CASSADY
　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE